**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| New Horizons Franchising Group, Inc.,   )<br>                                                                 )<br>                    Plaintiff,                          )<br>        v.                                                     )<br>                                                                 )<br>Cooke & Moses, LLC, The Green Owl, LLC )<br>Roy Lee Cooke, individually and as Personal )<br>Representative of the Estate of Betty Beach  )<br>Cooke, Jeffrey H. Moses and Larraine L.     )<br>Moses,                                                    )<br>                                                                 )<br>                    Defendants                         )<br>                                                                 ) | Civil Action No. 3:14-cv-03333-JMC<br><br><br><br>**ORDER OF DEFAULT JUDGMENT AS<br>TO ROY LEE COOKE, INDIVIDUALY<br>AND AS REPRESENTATIVE OF THE<br>ESTATE OF BETTY BEACH COOKE** |

This matter is before the court by way of a motion by Plaintiff New Horizons Franchising Group, Inc. ("Plaintiff"), formerly New Horizons Computer Learning Centers, Inc., for default judgment as to Defendant Roy Lee Cooke, individually and as Personal Representative of the Estate of Betty Beach Cooke ("Defendant"), pursuant to Fed. R. Civ. P. § 55(b). (ECF No. 31.)

On August 18, 2014, Plaintiff filed this action against Defendants, Cooke & Moses, LLC, The Green Owl, LLC, Jeffrey H. Moses and Larraine L. Moses, seeking to recover the unpaid balance due for royalty fees and for merchandise sold and delivered under three franchise agreements guaranteed by Betty Beach Cooke and Roy Lee Cooke. (*See* ECF Nos. 1, 15.) Defendant failed to answer the Complaint, move in response to the Complaint, or otherwise defend within 21 days after service of process. (*See* ECF Nos. 15-31.) On January 27, 2015, Plaintiff filed the instant, unopposed Motion for Default Judgment as to Defendant. (ECF No. 31.) Thereafter, Plaintiff requested Entry of Default on February 2, 2015, which the Clerk entered on the same day. (*See* ECF Nos. 32, 33.)

1

### I. Jurisdiction

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on the Complaint's allegations that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. (ECF No. 1 at 1 ¶¶ 1-5, 2 ¶6, 8 ¶36.)

### II. Choice of Law

In a diversity suit federal courts must apply the rules of the forum state when addressing choice of law questions. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938). South Carolina choice-of-law rules dictate that the court must apply the law specified in a contract. *See Burris Chemical, Inc. v USX Corp.*, 10 F.3d 243, 245 (4th Cir. 1993) (citing *Bannister v. Shepard*, 4 S.E.2d 7, 9 (S.C. 1939); *Livingston v. Atlantic Coast Line R.R. Co.*, 180 S.E. 343, 345 (S.C. 1935)). In the instant case, the franchise agreements from 2004, 2006 and 2008 indicate that California law shall govern the franchise agreements. (*See* ECF 15.) The 2004, 2006, and 2008 guaranty agreements signed by Betty Beach Cooke and Roy Lee Cooke also state that California law shall govern the agreements. (*See* ECF 15.)

### III. Default Judgment

The court may enter a default judgment against a party that has not properly responded to a complaint in a timely manner. Fed. R. Civ. P. § 55. A defendant has 21 days to file a written response before they may be entered as in default. Fed. R. Civ. P. § 12(a)(1). When a defendant defaults the court is to accept as true the well-pleaded factual allegations in the complaint as to defendant's liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-1 (4th Cir. 2001). Unlike allegations of fact, the court does not accept allegations regarding damages as true, but rather makes its own independent determination. *E.g., Credit Lyonnais Secs. (USA), Inc. v.*

*Alcantara*, 183 F.3d 151 (2d Cir. 1999). In this regard, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

In this matter, Defendant failed to plead or otherwise defend within 21 days and is now in default. Therefore, Plaintiff's allegations in the Complaint are deemed admitted and it is entitled to a default judgment against Defendant. Fed. R. Civ. P. 55(b)(2). *See, e.g., Bank Meridian, N.A. v. Motor Yacht "It's 5 O'Clock Somewhere" Official No. 1073764*, C/A No. 2:09-594-MBS, 2011 WL 2491369, at *2 (D.S.C. June 21, 2011).

## IV. Damages

When a contract is breached, damages are determined by the amount that will compensate the aggrieved party for all detriment proximately caused, or likely to be caused, by the breach. Cal. Civ. Code § 3300 (West 2015). When the operation of an established business is prevented or interrupted by a breach of contract, damages for the loss of prospective profits may be recovered. *See Grupe v. Glick*, 160 P.2d 832, 840 (Cal. 1945). The prospective profits must have otherwise been made from the operation of the business and must be ascertainable with reasonable certainty from the past volume of business and other provable data relevant to future sales. *Id*. A franchisor may recover future royalty payments if the franchisee is the proximate cause of the breach. *See Postal Instant Press, Inc. v. Sealy*, 51 Cal. 2d 365, 370 (Ct. App. 1996).

In the present case, Plaintiff alleges that the franchisees breached the contract when they failed to make timely payments. Defendant, as guarantor of the franchise agreements, is therefore liable for future royalty payments.

## V. Conclusion

Based on the foregoing, and upon consideration of the Summons and Complaint, the franchise agreements, the guarantee agreements, the Affidavit of Joseph DiPlacido, the Affidavit

of Default, and the Motion for Judgment by Default, the court **GRANTS** Plaintiff's motion for Default Judgment against Defendant Roy Lee Cooke, individually and as Personal Representative of the Estate of Betty Beach Cooke (ECF No. 31) and finds Defendant liable in the following amounts:

A) As guarantor of the liability under the December 23, 2004 Franchise Agreement, in the principal sum of $94,591.81, plus prejudgment interest at the rate of 18% per annum on delinquent payments amounting to $11,713.09,[1]

B) As guarantor of liability under July 1, 2006 Franchise Agreement, in the principal sum of $250,987.28, plus prejudgment interest at the rate of 10% per annum on delinquent payments amounting to $9,706.00 [2]; and

C) As guarantor of liability under the April 30 2008 Franchise Agreement, in the principal sum of $30, 450.17, plus prejudgment interest at the rate of 10% per annum on delinquent payments amounting to $6,824.37.[3]

The court recognizes that Plaintiff may be reimbursed for reasonable attorney's fees and costs per the franchise and guarantee agreements. (*See* ECF No. 15.) However, there is no documentation or evidence offered by Plaintiff to suggest an amount that should be reimbursed.

---

[1] To calculate the interest due on the principal sum, the court calculated the per annum interest by month from the date monthly payments defaulted. The court calculated all payments as delinquent starting from the month after they were invoiced. The court did not add interest to principal payments expected after June 30, 2014 for the 2004 and 2006 agreements. The court did not add interest to principal payments expected after October 15, 2013 for the 2008 agreement.

[2] The interest rate per annum differs from the amount requested in the Complaint because the July 1, 2006 Franchise Agreement stated that delinquent payments would accrue interest at the rate of 10% per annum.

[3] The interest rate per annum differs from the amount requested in the Complaint because the 2008 franchise agreement stated that delinquent payments would accrue interest at the rate of 10% per annum.

Plaintiff is instructed to submit within 14 days after the entry of judgment a proper petition for attorney's fees and costs in compliance with *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and Local Rule 54.02 (D.S.C.). Failure to timely do so will constitute a waiver as to attorney's fees and costs.

This judgment against Defendant Roy Lee Cooke, individually and as Personal Representative of the Estate of Betty Beach Cooke, therefore awards Plaintiff damages in the amount of $404,272.72. The court declines to award Plaintiff attorney's fees and costs with leave to file an appropriate motion within 14 days after entry of judgment.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 4, 2015
Columbia, South Carolina