## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| New Horizons Franchising Group, Inc., ) | Civil Action No. 3:14-cv-03333-JMC |
|                               ) | |
|           Plaintiff, ) | |
| v.                           ) | |
|                               ) | |
| Cooke & Moses, LLC, The Green Owl, LLC ) | **ORDER AND OPINION** |
| Roy Lee Cooke, individually and as Personal ) | |
| Representative of the Estate of Betty Beach  ) | |
| Cooke, Jeffrey H. Moses and Larraine L.    ) | |
| Moses,                          ) | |
|                               ) | |
|           Defendants. ) | |
| _____ ) | |

Plaintiff New Horizons Franchising Group, Inc. ("Plaintiff") filed this action against Defendants Cook & Moses, LLC, The Green Owl, LLC, Roy Lee Cooke, individually and as Personal Representative of the Estate of Betty Beach Cooke, Jeffrey H. Moses and Larraine L. Moses ("Defendants"), seeking to recover the unpaid balance due for royalty fees and for merchandise sold and delivered under three franchise agreements guaranteed by Betty Beach Cooke and Roy Lee Cooke. (See ECF Nos. 1, 15.)

This matter is before the court pursuant to a motion by Plaintiff for a temporary restraining order ("TRO") and preliminary injunction. (ECF No. 21.) For the reasons set forth below, the court **DENIES** Plaintiff's motion for a TRO and preliminary injunction without prejudice.

### I.     RELEVANT BACKGROUND TO THE PENDING MOTION

On August 18, 2014, Plaintiff filed this action against Defendants Cooke & Moses, LLC, The Green Owl, LLC, Jeffrey H. Moses and Larraine L. Moses, seeking to recover the unpaid balance due for royalty fees and for merchandise sold and delivered under three franchise

agreements guaranteed by Betty Beach Cooke and Roy Lee Cooke. (See ECF Nos. 1, 15.) Plaintiff also requested the court enjoin Defendants from using Plaintiff's service mark and from "engaging in any business regarding operation of a computer learning center within twenty-five miles of the territories identified in the franchise agreement." (ECF No. 15 at 12.) On June 4, 2015, the court granted Plaintiff's Motion for Default Judgment against Defendant Roy Lee Cooke as guarantor of the liability under the franchise agreements, awarding Plaintiff damages in the amount of $404,272.72. (ECF No. 41 at 4-5.)

On December 1, 2014, Plaintiff filed this motion requesting a TRO and preliminary injunction. (ECF No. 21.) Defendants filed no response, and a hearing was set for December 20, 2014. (ECF No. 24.) On December 30, 2014, the hearing was canceled as the parties had informed the court they were close to settling the matter. (ECF No. 27.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     TROs and Preliminary Injunctions Generally

TROs and preliminary injunctions are governed by the same general standards. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999). The court's authority to issue a preliminary injunction arises from Fed. R. Civ. P. 65. A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009). Only after the plaintiff makes a clear showing that he is likely to succeed on the merits of his claim and that he is likely to be irreparably harmed absent injunctive relief may the court consider whether the balance of

equities tips in his favor. See Real Truth, 575 F.3d at 346-47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. See Real Truth, 575 F.3d at 347 (citing Winter, 55 U.S. at 24).

B.     Plaintiff's Motion for Preliminary Injunction

Plaintiff seeks a preliminary injunction to require Defendants "to cease the use of the New Horizon name and mark pending a final determination of this matter, prevent the use of intellectual property which belongs to the Plaintiff" and to prevent Defendants from "engaging in a computer learning business in the covered territories and within 25 miles of any network learning center franchised by the Plaintiff." (ECF No 21-4 at 1, 4.) Plaintiff claims that Defendants have continued to indicate affiliation with New Horizons and use Internet services that reference Plaintiff, and are attempting to take business away from Plaintiff to a new venture called "Innovista Learning." (Id. at 3.) To support these claims, Plaintiff presents affidavits describing Defendants' continued use of signs and a website that contain Plaintiff's name and mark and direct potential customers to "Innovista." (ECF Nos. 21-1, 21-2, 21-3.) Defendants present no response to this motion.

Upon review, the court finds that Plaintiff fails to address three necessary elements in their motion – their likelihood to suffer irreparable harm in the absence of preliminary relief, the balance of equities, and the public interest.[1] As such, the court cannot issue a preliminary injunction.

---

[1] The court acknowledges Plaintiff's arguments on the likelihood they will succeed on the merits (ECF No. 21-4 at 5-9), but does not decide these issues in the absence of the other factors necessary for granting a preliminary injunction. The court also acknowledges the allegations in the affidavit of Gregory E. Marsella (ECF No. 21-3 at 3) that Defendants' continued actions are "substantially hampering" Plaintiff's ability to place a new franchise in the markets Defendants previously covered, but requires more evidence to establish irreparable harm.

### III.   CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff's motion for TRO and preliminary injunction without prejudice. (ECF No. 21.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 29, 2015
Columbia, South Carolina

4